Filed 8/25/23  P. v. Baldon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ARTHUR LEE BALDON,<br><br>    Defendant and Appellant. | C096418<br><br>(Super. Ct. No. STKCRFE19910008335) |

Appointed counsel for defendant Arthur Lee Baldon filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## I. BACKGROUND

In 1992, a jury found defendant guilty of first degree murder and found true an allegation that he personally used a firearm in committing the murder. At the time of the murder, defendant was 20 years old.

In 2020, defendant filed a request pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and *In re Cook* (2019) 7 Cal.5th 439 to make a record of evidence relevant at an eventual youth offender parole hearing. The trial court appointed counsel for defendant and set a scheduling hearing. After the trial court set a *Franklin* hearing, defendant's appointed counsel filed a motion asking the trial court to resentence defendant. Defendant's motion conceded that such a resentencing was foreclosed by controlling precedent. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 207 [grant of *Franklin* hearing does not permit resentencing after judgment is final]; accord *People v. White* (2022) 86 Cal.App.5th 1229, 1238 ["a *Franklin* hearing does not reopen a final judgment or sentencing"].)

At the *Franklin* hearing, the trial court granted defendant's request to send 303 pages of records to the Department of Corrections and Rehabilitation for use at a future youth offender parole hearing. The trial court denied defendant's request for resentencing.

Defendant timely appealed from the denial of resentencing.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Though *Wende* requirements generally "do not apply to an appeal from the denial of postconviction relief," we have exercised our discretion to conduct an independent review of the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 232.) We find no arguable errors that are favorable to defendant. Accordingly, we will affirm the trial court's order.

## III. DISPOSITION

The order denying defendant's request for resentencing is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

HULL, J.